(No. 4649–)

CECIL F. PAULSON, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 21, 1957.*

JOHN R. SNIVELY, Attorney for Claimant.

LATHAM CASTLE, Attorney General; MARION G. TIERNAN, Assistant Attorney General, for Respondent.

WHAM, J.

Claimant, Cecil F. Paulson, an inmate of the Illinois State Penitentiary at Joliet, brings this action against respondent to recover $75,000.00 for injuries he sustained when the fingers and thumb of his right hand were cut, while he was engaged in operating a circular rip saw in the Vocational School at the prison on July 28, 1953.

His principal contentions are that the prison authorities assigned him to the Vocational School's Woodworking Department, and ordered him to assist in the operation of an electric rip saw over his protest; that he was given no instructions or warnings with respect to the manner of operation; that the saw was not provided with a hood, as required by Rule 4 of the Health and Safety Rules promulgated by the Industrial Commission; and that, while guiding a plywood board 16 feet in length through the saw, he sustained his injuries by reason of respondent's negligence. Claimant further contends that the doctrines of contributory negligence and assumption of the risk are not applicable.

Respondent contends that claimant was assigned to the Vocational School's Woodworking Department at his own request in June of 1953; that he was not ordered to operate the power saw; that all inmates in the woodworking shop were instructed in the operation of power tools; that claimant had operated the saw on several occasions; that respondent did provide a hood, but that the inmates operating the saw had removed it; that claimant was contributorily negligent; and that respondent was not guilty of any negligence, which proximately caused the injuries.

The evidence is conflicting in several aspects. The only two witnesses testifying to the occurrence were claimant, in his own behalf, and Lt. Hollis W. McKnight, Director of Vocational Training at Stateville, for respondent.

The only fact agreed upon was that, at the time of the accident, the Woodworking Department was constructing wooden boats out of plywood and other materials, and that claimant was helping to cut the plywood portions of the boat on a ten inch Delta circular saw when the accident occurred. This machine has a flat steel table with a ten inch circular blade running through a slot near the center. It is a floor model saw, about 30 inches high. The plywood portions of the boat were being cut from a piece of ⅝ inch plywood, 4 feet wide and 16 feet long. The bottom of the boat, which was being cut at the time of the injury, was to be curved when finished.

Claimant testified that over his protest he was ordered by Lt. McKnight to take a position at the saw, and guide the board as it came in contact with the blade, while it was being pushed from the back by two other men, and pulled by two others after it had gone through the saw. He stated that Lt. McKnight called him, and told him that he should help on the saw; that he took his place at the back of the board, but that Lt. McKnight said, "Paulson, you get down there and guide that through there". He stated that the other men said they didn't want to get near the blade, and hold it there. He stated that he replied to Lt. McKnight, "Why should I do it, if nobody else wants to do it?", and that Lt. McKnight replied to him, "You get down there and do that work, unless you want to be directed over to the corner

for punishment''. Claimant stated he interpreted that as meaning that he would be disciplined, if he refused.

On the other hand, Lt. McKnight testified that he at no time ordered claimant to operate the saw. He stated that assignments to the woodworking shop were only made upon the request of the inmates, and that such was the case with respect to claimant. Lt. McKnight further testified that it is not the custom and practice in the woodworking shop for inmates to be ordered to operate a motor driven saw. He stated, ''No inmate is ever ordered to operate anything. They are asked, and, if they object, there is no enforcement . . . especially with a power tool''. He specifically denied ordering Paulson to operate the saw, to work on the saw, or to stand near the saw.

Claimant testified that he had never worked on the saw until the occasion of his injury. Lt McKnight testified that he personally had observed claimant on two or three occasions prior thereto operating the saw.

Claimant stated that, at the time of the accident, they were cutting the bottoms for the boats. The bottoms for the boats were wider in the back portion and narrower in the front. According to claimant, the outside margin of the strip of plywood was approximately one-half inch wide at some places, and that, unless this portion of the wood was pulled from the blade, it would stop. He stated that the bottoms of the boats, which they were cutting, were curved, and that they were cutting on a curved line at the time of the accident. During the cutting of this particular board, on two or three different occasions, the blade stopped, as resin accumulated. According to claimant, the men on the end of the board were almost thrown off balance. He was not thrown as much, because he was in the middle, and had

the support of the table. On one of these occasions, when the board was stuck, he stated that his right arm was thrown over the saw blade, and the fingers and thumb cut. He further testified that there was no hood on the saw.

Lt. McKnight was not present when claimant received his injury, but came into the work shop immediately thereafter. He testified that the board was still on the saw table when he arrived. He described the board as a piece of plywood, 4 feet in width and 16 feet in length, a 34 inch strip of which was being cut along its entire length.

He testified that the shaping of the board was done by a hand saw, inasmuch as the circular rip saw could not cut the necessary curve.

He further testified that the inmates had not been directed to remove the guard on the saw, but that they had done so, since it was the procedure followed when cutting a long board. He further stated that, in cutting such a board, two men push from behind, and two men pull the board through the saw following a mark on the board.

Claimant testified that he had never been instructed as to the operation of the saw. Lt. McKnight stated that a Lt. Hall of the Department and an inmate instructor gave instructions to all inmates assigned to the Department on the proper handling of tools, but could not recall if he, McKnight, was present when claimant was so instructed.

After considering this conflicting evidence, we do not believe that claimant has borne the burden of proving his case by a preponderance of the evidence.

The most significant factor to us is the conflict with respect to the manner in which the board was being sawed. According to claimant, he and the other inmates

were attempting to saw along a curved line in shaping the bottom for a boat. According to Lt. McKnight, the circular rip saw being used could not saw a curve, and that the board would first be cut in a straight line and then shaped and curved with a hand saw.

If claimant's testimony is true with respect to the manner in which the saw was being operated, then he, as well as the other inmates, were not proceeding properly, and the binding of the wood against the saw, which jerked his hand into contact with the blade, was the proximate cause of his injury, rather than the lack of a hood on the saw.

If, on the other hand, the board was being cut in a straight line in accordance with the proper procedure, then claimant's version of the accident is untrue, and no credible evidence is in the record before us as to the manner in which claimant's hand came in contact with the saw blade.

Likewise, claimant's contention that his assignment to the Woodworking Department was involuntary, thus rendering the doctrines of contributory negligence and assumption of the risk inapplicable, is not established by a preponderance of the evidence, nor, is his contention that he was ordered under threat of punishment to operate the saw so established.

We cannot feel justified in adopting claimant's testimony over that of Lt. McKnight.

At most, from claimant's standpoint, the evidence on the issues in conflict is evenly balanced. Inasmuch as claimant must bear the burden of proof, we must hold that he has failed to prove by a preponderance of the evidence that he was in the exercise of ordinary care for his own safety at and immediately prior to the occurrence

in question, and has further failed to prove by a preponderance of the evidence that respondent was guilty of negligence, which proximately caused his injuries.

The claim is, therefore, denied.